IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                      Case No. 2:23-cr-242
                                        Judge Edmund A. Sargus, Jr.

JOEL MEFFORD,
    Defendant.

## TRIAL ORDER

This matter is before the Court on the Defendant's unopposed motion to continue the trial schedule. (ECF No. 26.)

After reviewing the Motion, the Court concludes that failure to grant a continuance would deny the parties "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). As such, the Court finds that "the ends of justice served by [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." *See id.* § 3161(h)(7)(A). The delay caused by the continuance is properly excluded from the limits of the Speedy Trial Act. *See id.* § 3161(h).

Accordingly, the motion to continue the trial schedule (ECF No. 26) is **GRANTED**, and the current trial date is **VACATED**. The defendant having this date entered a plea of not guilty to the Indictment, the Court establishes the following revised trial scheduling order which will govern the course of this case from now until trial:

## I. TRIAL DATE

This case is set for trial on **September 9, 2024** at **9:00 A.M.** The Final Pretrial Conference is set for **August 30, 2024** at **9:00 A.M.** in Room 301. (Jury Questionnaires are available on September 6, 2024 at the Clerk's Office.) Please contact the Jury Deputy Donald Fitzgerald, at (614) 719-3021.

## II. DISCOVERY AND INSPECTION

The attorney for the defendant is directed to contact the Assistant United States Attorney in charge of the prosecution of this case to arrange a meeting for the purpose of resolving all requests for discovery provided for under the Federal Rules of Criminal Procedure, including Rule 16. Upon a defendant's request for Rule 16 discovery, the Government shall make the required disclosure of evidence discoverable under the terms and conditions of Rule 16. The Government shall then file a response to the defendant's request for discovery within one (1) week of the filing of the defendant's request.

The parties shall hold the discovery meeting as promptly as possible. At this conference, the parties are required to confer and try to agree on a timetable for pretrial disclosures under Rule 16.1, including setting a time for expert disclosure. The deadline for expert disclosure must be sufficiently before trial to provide a fair opportunity for each party to meet the other side's expert evidence, which is at least one month before trial. If at any time during the course of these proceedings any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a specific motion to compel discovery. Motions to compel shall be filed one (1) week from the date of a party's denial of the initial request.

### III. <u>MOTIONS</u>

All motions of any kind, by the defendant or by the government, shall be filed on or before **August 2, 2024**. All motions in opposition shall be filed on or before **August 9, 2024**. Reply briefs will not be accepted. Upon the filing of any motion, the movant shall state therein whether and for what reasons an evidentiary hearing is required. If the Court agrees, an evidentiary hearing will be scheduled.

### IV. <u>PLEA NEGOTIATIONS AND PLEA AGREEMENT</u>

Plea agreement discussions between the Assistant United States Attorney and counsel for the defendant pursuant to Rule 11 of the Federal Rules of Criminal Procedure shall be commenced as soon as practicable. If a plea agreement is reached, counsel shall notify the Court. The Court will set a change of plea hearing soon thereafter.

### V. <u>MOTIONS FOR CONTINUANCE</u>

Any motion for a change of the trial date shall be in writing and shall be made at least ten (10) days prior to the scheduled trial date. Such motion shall set forth those factors listed in 18 U.S.C. § 3161(h)(7)(B) that the movant contends support the motion.

### VI. <u>EXHIBITS</u>

A. **Exhibit Lists**

The parties must file their exhibit lists no later than one (1) week before the trial date. The lists shall include the proposed exhibit number and a description of the exhibit. Both sides

will number their exhibits with Arabic numbers, preceded by the letter prefix "G" for prosecution or "D" for defense.

    B. **Trial Exhibits**

Each party intending to offer exhibits will mark the exhibits prior to the commencement of the trial. Three (3) business days prior to the commencement of trial, counsel shall provide the original and one copy of exhibits to the Court and one copy to opposing counsel. The original and copy of exhibits provided to the Court should be three-hole-punched and placed in notebooks. The notebooks must contain a copy of the exhibit list previously submitted to the Court.

At trial, counsel may not approach a witness to tender an exhibit. Rather, the Courtroom Deputy will place each exhibit before each witness. In formulating a question to a witness, counsel shall specify the exhibit number or designation involved, to ensure a clear record.

Exhibits introduced for the first time during trial, *i.e.*, exhibits used for impeachment, must be displayed to opposing counsel and the Court for review and then tendered to the Courtroom Deputy for marking. Counsel shall be prepared to provide copies of such exhibits to opposing counsel and the Court at the time they are presented to a witness.

Each counsel is responsible for any exhibits expected to be used during trial. At the end of each trial session, counsel shall return all original exhibits to the Courtroom Deputy.

## VII.    WITNESS LISTS

The parties must submit their respective witness lists to the Court *ex parte*, without opposing counsel on the email no later than one (1) week before the trial date. Witness lists

should be submitted to the Courtroom Deputy at Christin_Werner@ohsd.uscourts.gov and to Chambers at Sargus_Chambers@ohsd.uscourts.gov.

## VIII. STIPULATIONS

The Government shall file with the Court stipulations one (1) week before the trial.

## IX. VOIR DIRE EXAMINATION

In the courtroom, prospective jurors will be seated in numerical order, according to the diagram attached hereto marked "Appendix A." The whole panel of prospective jurors—persons seated in the jury box and person seated in the courtroom benches—will be examined in one continuous examination.

Each prospective juror will be assigned a "juror number" by the Clerk's office. Counsel will receive a listing of the jurors' names and numbers prior to jury selection. When interrogating a juror, counsel should refer to the juror by *number only*.

The Court will conduct a preliminary voir dire examination tailored to the issues in the case. An outline of the Court's voir dire questioning is attached hereto marked "Appendix B." Counsel shall submit questions related to specific subject areas about which they would like to ask during voir dire examination. Any such questions concerning specific subject areas must be filed with the Court two (2) days before the final pretrial conference.

During voir dire, counsel shall address their questions to the whole panel. Counsel may not question an individual juror unless the answer of a specific juror justifies further inquiry. Again, jurors shall be addressed only by the number assigned to them by the Clerk's office.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaire forms, which are on file in the Clerk's office. Counsel should examine these questionnaires prior to the commencement of trial. Counsel may inquire regarding any omission in a juror's answer to the juror questionnaire or, after obtaining the Court's permission, regarding any inquiry justifiably elicited by information contained in the juror questionnaire.

## X. CHALLENGES

At the conclusion of the questioning, the Court shall be recessed, at which time counsel shall retire to chambers to begin the juror challenge process. The entire panel, not just prospective jurors seated in the jury box, shall be accepted, challenged for cause, and peremptorily challenged in a continuous sequence with reseating prospective jurors. Counsel shall not be permitted to return to the courtroom to refresh one's memories of particular jurors. It is counsel's responsibility to determine the current makeup of the jury by reference to the seating plan.

## XI. PEREMPTORY CHALLENGES

Peremptory challenges will be exercised as follows:

(A)　United States exercises its first challenge

(B)　Defendant exercises his first and second challenges

(C)　United States exercises its second challenge

(D)　Defendant exercises his third and fourth challenges

(E)　United States exercises its third challenge

(F)　　Defendant exercises his fifth and sixth challenges

(G)　　United States exercises its fourth challenge

(H)　　Defendant exercises its seventh and eighth challenges

(I)　　United States exercises its fifth challenge

(J)　　Defendant exercises his ninth challenge

(K)　　United States exercises its sixth challenge

(L)　　Defendant exercises his tenth challenge

If either party "passes," (*i.e.* forgoes to exercise a challenge in the order prescribed), that party has thereby "used" the challenge.

After the regular twelve (12) jurors have been fully qualified, and counsel state that they are satisfied with the jury, the peremptory challenges as to the alternate juror(s) will then be exercised in the same manner.

## XII.　　JURY INSTRUCTIONS

Prior to submitting proposed jury instructions, the parties must meet and confer. At least one (1) week prior to trial, the parties shall make one, joint filing containing proposed jury instructions, verdict forms, and (if any) interrogatories. A courtesy copy should be sent, in Word format, to Chambers at Sargus_Chambers@ohsd.uscourts.gov.

The proposed jury instructions must include citations to supporting authorities in footnotes. If a party objects to a proposed instruction or instructions, the objecting party must note the specific objection and grounds for the objection, and include an alternative proposed instruction, in the joint filing.

The parties shall use the United States Court of Appeals for the Sixth Circuit pattern jury instructions, where appropriate.

**IT IS SO ORDERED.**

**5/30/2024**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

**Appendix A:  Criminal Jury Trial**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| 35 | 36 | 37 | 38 | 39 | | | | | | |
| 25 | 26 | 27 | 28 | 29 | | 30 | 31 | 32 | 33 | 34 |
| 15 | 16 | 17 | 18 | 19 | | 20 | 21 | 22 | 23 | 24 |

| | |
|---|---|
| 7 | 14 |
| 6 | 13 |
| 5 | 12 |
| 4 | 11 |
| 3 | 10 |
| 2 | 9 |
| 1 | 8 |

Counsel        Counsel

Lectern

Witness

Courtroom Deputy

# Judge's Bench

Law Clerk

# VOIR DIRE QUESTIONS BY THE COURT
## Criminal Jury Trial Procedures
## Appendix B

The Court will first conduct a preliminary examination, asking questions similar to those listed below. After the Court has finished its examination of the jury panel, counsel may elect to supplement the Court's examination with questions that do not repeat, in substance, any question the Court already has posed to the panel.

1. Does any panel member have:

    (a) Any transportation problem? For example, does anyone have difficulty getting to or from the courthouse?

    (b) Any medical or disability problems, such as difficulty hearing, walking or seeing? Does any other medical problem exist which could affect your service on the jury?

2. <u>OUTLINE THE OFFENSE PER INDICTMENT OR INFORMATION</u>

    Does any panel member have prior knowledge or information about the offense(s) the defendant(s) is (are) charged with, which I have just explained to you? This includes knowledge gained from personal contacts or from the media.

3. Does any panel member have any personal interest of any kind in this case, or in the defendant(s)?

4. The Court and counsel estimated this trial will last __ days. Does any panel member have any immediate family or personal reason or situation which persuades you that you cannot serve as a juror during this period and give your undivided attention to this case?

5. Does any panel member feel bias -- or prejudice -- because the defendant(s) has (have) been charged by indictment (information) with an offense(s) against the United States?

6. Has any panel member formed or expressed any opinion as to the guilt or innocence of the defendant(s)?

7. The Court will introduce counsel and defendant(s) in the following order:

      (a)        The government's counsel – representative

      (b)        The defendant's counsel - defendant(s)

      (c)        The government's witnesses

      (d)        The defendant's witnesses

Is any panel member related by family or marriage to these individuals? Are you personally acquainted with these persons, or do you have any knowledge of them, directly or indirectly, through your social, business, professional lives?

8. Does any panel member have any feeling -- thought -- inclination --premonition -- prejudice -- religious belief or persuasion -- or bias -- which might influence or interfere with your full and impartial consideration of this case or which might influence you either in favor of or against either the defendant(s) or the government?

9. Is there any reason in your mind why you cannot hear and consider the evidence and render a fair and impartial verdict?

10. If any panel member has served as a juror in the federal or state court -- either in a civil or criminal case--and regardless of the outcome of such case(s), would your prior experience have any effect or influence on your ability to serve as a fair and impartial juror in this case?

11. Can you take the law as the Court instructs you, without any reservation whatsoever, and apply the facts to the Court's instructions on the law? If you cannot do this, please hold up your hand.

12. Do you recognize and accept the proposition that jurors are the sole judge of the facts and the Court is the sole judge of the law? If you cannot do this, please hold up your hand.

13. If you are selected as a juror in this case can you extend the presumption of innocence to this defendant(s); that is, can you presume the defendant(s) is innocent of the charge(s) unless and until guilt is established by proof which convinces you beyond a reasonable doubt? If you cannot do this, please hold up your hand.

14. Are you -- or is any member of your immediate family -- a member of a law enforcement agency, *i.e.* municipal police, county sheriff, state highway patrol, or any federal law enforcement agency, either at the present time or in the past?

15. <u>QUESTIONS REGARDING CHALLENGES FOR CAUSE</u>

Can you put that aside, the fact that _____, and decide this case solely on the evidence that will be presented in this courtroom and the instructions that I give you?

Stated otherwise:

Would the fact that _____ render you unable to hear and consider the evidence so that you could not render a fair and impartial verdict?